UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA KOVACEVIC,

      Plaintiff,

                                  Case No. 1:21-cv-72

v.

                                  Hon. Hala Y. Jarbou

AMERICAN INTERNATIONAL FOODS
INC.,

      Defendant.

_____/

## OPINION

Plaintiff Tanya Kovacevic is a former employee of Defendant American International Foods Inc. ("AIF"). Kovacevic claims that AIF terminated her in violation of the Families First Coronavirus Response Act (FFCRA), the Emergency Paid Sick Leave Act of 2020 (EPSLA), 29 U.S.C. § 5101, and Michigan's COVID-19 Employment Rights Act of 2020 (CERA), Mich. Comp. Laws § 419.401 et seq. Before the Court is AIF's motion to dismiss the complaint for failure to state a claim. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

According to Kovacevic's First Amended Complaint (FAC, ECF No. 9), she began her employment with AIF on January 27, 2020, working in the accounts payable department. Her offer letter and AIF's employee handbook provided for employee performance reviews at 30, 60, 90, and 180 days, but Kovacevic never received one.

In May 2020, one of AIF's employees tested positive for COVID-19. Another employee tested positive on November 2, 2020. On November 12, a front desk employee left work early with COVID symptoms and did not come into work the following day.

After Kovacevic reported to work on Friday, November 13, she learned that her friend, the front desk employee, had tested positive for COVID-19.  The next day, a Saturday, Kovacevic herself began to experience flu-like symptoms but by Sunday she felt better.  After she reported to work on Monday, November 16, she told AIF's Director of Operations, Tom Michele, how she had felt over the weekend.  He told her to leave work and get tested for COVID-19.  She scheduled a test for the next available date:  November 17.  She left a voicemail with AIF's human resources department explaining that she expected to get test results in a few days.

On November 18, Kovacevic lost her sense of taste and smell.  She notified AIF.  Michele told her to keep AIF informed of her status.  On November 19, Kovacevic received results showing that she tested positive for COVID-19.  She notified Michele.  AIF's HR representative, Bob Barber, told her to stay home until she felt better.

By Monday, November 23, Kovacevic was no longer experiencing symptoms of her illness so she contacted Michele to see when she could return to work.  Wednesday, November 25, would be ten days after she first experienced symptoms and she believed that returning to work that day would be consistent with the CDC's quarantine guidelines.  AIF was scheduled to be closed for the Thanksgiving holiday on November 26 and 27.  Michele told her to leave a message for Barber and she did so.  Barber told her that he did not know when she could return.  He stated that AIF "needed to have an internal discussion to determine how employees who had been infected with COVID should be handled."  (FAC ¶ 36.)

On Tuesday, November 24, Barber and Kovacevic's manager, Scott Goldberg, called Kovacevic and told her that AIF "did not want her in the office and it was time they went their separate ways."  (*Id.* ¶ 39.)  Kovacevic asked why they were terminating her while she was on leave and they told her that AIF could terminate her anytime.  When pressed for an explanation,

Goldberg stated that the reason for her termination was that "she was delinquent in filing paperwork as part of her duties in accounts payable." (*Id.* ¶ 41.)  Kovacevic protested that she was up to date on filing but that she was unable to complete the filing due to limited filing space at AIF.  She had asked for additional space but those requests were denied.  Goldberg responded that it was "better to go separate ways." (*Id.* ¶ 43.)

Kovacevic claims that AIF retaliated and/or discriminated against her for taking leave and interfered with her right to be reinstated.

## II. STANDARD

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Assessment of the complaint under Rule 12(b)(6) must ordinarily be undertaken without resort to matters outside the pleadings; otherwise, the motion must be treated as one for summary judgment under Rule 56.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

"However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment."  *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

### III. ANALYSIS

#### A. FFCRA, EPSLA, and EFMLEA

Congress passed the FFCRA in March 2020 to address issues stemming from the COVID-19 pandemic.  The EPSLA and the Emergency Family and Medical Leave Expansion Act (EFMLEA) are different parts of the FFCRA, and they both expired on December 31, 2020.  The EPSLA required certain employers provide up to two weeks of paid sick leave for employees who are or may be infected with COVID-19.  Specifically, the statute required such leave "to the extent that the employee is unable to work . . . due to a need for leave because: . . . (1) [t]he employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19"; "(2) [t]he employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19"; or "(3) [t]he employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis."  EPSLA, Pub. L. No. 116-127, § 5102, 134 Stat. 195-96 (2020).  The EPSLA made it unlawful to "discharge, discipline, or in any other manner discriminate" against an employee who takes leave under the act.  *Id.* § 5104, 134 Stat. at 196-97.

The EPSLA relied upon enforcement provisions laid out in the Fair Labor Standards Act (FLSA).  An employer who "willfully" violated the foregoing prohibition against discharge, discipline, and discrimination "shall . . . be considered to be in violation of section 15(a)(3) of the [FLSA] (29 U.S.C. § 215(a)(3))" and "subject to the penalties" described in 29 U.S.C. §§ 216, 217.  *Id.* § 5105, 134 Stat. at 197.  One of the "penalties" described 29 U.S.C. § 216 is liability to the employee for "such legal or equitable relief as may be appropriate . . . including without

limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages[,]" as well as reasonable attorney's fees and costs. 29 U.S.C. § 216(b).

The EFMLEA, on the other hand, required specified employers to provide leave to their employees so that they can take care of their children who have been impacted by the COVID-19 pandemic and by related school and business closures. The EFMLEA amended the Family and Medical Leave Act of 1993 (FMLA), which prohibits an employer from (1) "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under this subchapter," and (2) "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a). Thus, the EFMLEA relied upon enforcement provisions in the FMLA.

**B. Plaintiff's EPSLA Claim**

As discussed above, Kovacevic asserts two theories of relief under the EPSLA: (1) AIF interfered with her right to be reinstated to her position after taking leave; and (2) AIF retaliated against her for taking leave. AIF contends that she fails to state a claim under either of these theories.

**1. Interference with Right to Reinstatement**

AIF argues that Kovacevic cannot assert an "interference with rights" claim under the EPSLA because that statute does not provide for such a claim. The Court agrees with AIF. Unlike the FMLA, there is no provision in the EPSLA giving the employee an express right "to be restored by the employer to the position of employment held by the employee when leave commenced[.]" *See* 29 U.S.C. § 2614(a)(1)(A). Nor is there is a provision in the EPSLA that specifically prohibited an employer from "interfering" with an employee's rights under that statute. *See* 29 U.S.C. § 2615(a). Instead, the EPSLA prohibited discharging, disciplining, and discriminating

5

against an employee for taking paid sick leave. EPSLA § 5104, 134 Stat. at 196-97.  And as indicated above, an employer who "willfully" violated these prohibitions in the EPSLA is considered to have violated the FLSA and is subject to the penalties in that statute.  EPSLA § 5105, 134 Stat. at 197.  Like the EPSLA, the FLSA does not expressly provide for penalties for an employer's "interference" with the employee's rights.

Kovacevic responds that the FLSA provides for reinstatement as one of the possible forms of *relief.  See* 29 U.S.C. § 216(b).  To obtain that relief, however, Kovacevic must succeed on a valid cause of action.  Nothing in the EPSLA permits a cause of action against an employer for "interfering" with an employee's rights.  Instead, Kovacevic must rely on her theory that AIF violated the EPSLA's prohibitions against discharge, discipline, or other discrimination for taking paid leave, which is a retaliation theory of liability.

Kovacevic also relies upon temporary regulations issued by the Department of Labor that discussed an employee's right to return to work after taking paid leave.  *See* Paid Leave Under the Families First Coronavirus Response Act, 85 Fed. Reg. 19,326, 19,339 (Apr. 6, 2020).  The commentary to those regulations stated:

> Section 826.130 describes an employee's right to return to work after taking paid leave under the EPSLA or the EFMLEA.  In most instances, an employee *is entitled to be restored to the same or an equivalent position upon return from paid sick leave* or expanded family and medical leave in the same manner that an employee would be returned to work after FMLA leave.  See the FMLA job restoration provisions at 29 CFR 825.214 and the FMLA equivalent position provisions at 29 CFR 825.215.

*Id.* at 19,339-40 (emphasis added).

The relevant regulation stated:

> **§ 826.130 Return to work.**
> (a) General rule. On return from Paid Sick Leave or Expanded Family and Medical Leave, an Employee has a *right to be restored to the same or an equivalent position* in accordance with §§ 825.214 and 825.215 of this chapter.

6

*Id.* at 19,356 (emphasis added).  The term "Paid Sick Leave" in this regulation means "paid leave under the EPSLA." *Id.* at 19,348.  Thus, according to the Department of Labor, an employee returning from paid leave under the EPSLA had a right to be restored to the same or equivalent position.

Notably, the portions of the commentary and the temporary regulations discussing job restoration referred to regulations *applicable to the FMLA*.  For instance, the EPSLA regulations referred to § 825.214 and § 825.215, both of which apply to "return from FMLA leave."  *See* 29 C.F.R. §§ 825.214, 825.215(c)(1).  Leave under the EFMLEA/FMLA is not the same as leave under the EPSLA.  The FMLA is a different statute.  On the other hand, by defining "Paid Sick Leave" as leave taken under the EPSLA, the regulations indicated that an employee returning from EPSLA leave had the same right to be restored to their position as an employee returning from EFMLEA or FMLA leave.  Congress authorized the Department of Labor to issue regulations to "ensure consistency between" the EPSLA and the EFMLEA.  EPSLA § 5111, 134 Stat. at 201. The Department of Labor apparently attempted to make the EPSLA "consistent" with the EFMLEA by giving employees an express right to reinstatement upon return from leave, whether that leave fell under the EPLSA or the EFMLEA.

Nevertheless, as discussed above, the EPSLA lacked a prohibition found in the FMLA. The FMLA expressly prohibits the employer from *interfering* with the employee's rights under the FMLA.  The EPSLA did not.  Thus, Kovacevic cannot claim that AIF interfered with her rights under the EPSLA.  Accordingly, the Court will dismiss the EPSLA claim to the extent it relies upon Kovacevic's theory that AIF interfered with her rights under that statute.

## 2. Retaliation

AIF also argues that Kovacevic's allegations are not sufficient to state a retaliation claim under the EPSLA.  As discussed above, the EPSLA relies upon the FLSA for its enforcement provisions.  An employer who violates the EPSLA's prohibitions against discharge, discipline, or discrimination for taking paid leave is considered to have violated 29 U.S.C. § 215(a)(3).  EPSLA § 5105, 134 Stat. at 197.  Thus, it makes some sense to draw upon case law applying the FLSA to determine how to state a claim under the EPSLA.

To establish a prima facie case of retaliation under the FLSA, a plaintiff must prove the following:

> (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action.

*Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).  Importantly, Kovacevic need not *plead* the elements of a prima facie case to survive a motion to dismiss because the "*McDonnell Douglas* prima facie case is not a pleading requirement[.]"  *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012).  Instead, she must allege sufficient facts to state a plausible claim.  She has done so here.

The "protected activity" for purposes of the EPSLA claim is taking paid leave and the adverse action is terminating Kovacevic's employment.  AIF asserts that Kovacevic has not alleged facts from which to reasonably infer that AIF terminated her because she took paid leave. The Court disagrees.

AIF terminated Kovacevic while she was still on leave.  Such close temporal proximity between the protected activity and the adverse action can be "strong circumstantial evidence" of retaliation.  *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 350 (6th Cir. 2021).  It may or

may not be sufficient to establish a prima facie case.  *Cf. Spengler v. Worthington Cylinders*, 615 F.3d 481, 494 (6th Cir. 2010) (stating that "temporal proximity, standing alone, is not enough to establish a causal connection for a retaliation claim") *with Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) (noting that "[w]here an adverse employment action occurs *very close in time* after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." (emphasis added)); *Robinson v. MGM Grand Detroit, LLC*, 821 F. App'x 522, 529 (6th Cir. 2020) (employee fired less than three weeks after returning from FMLA leave satisfied the "low threshold for a prima facie case of retaliation").  But it *is* sufficient to survive a motion to dismiss.

AIF makes other arguments about whether its alleged reasons for firing Kovacevic were pretext, but those arguments are pertinent to the *McDonnell Douglas* analysis, which is an evidentiary standard.  That standard does not apply at this stage of the proceedings.  The Court's focus at this stage is on the sufficiency of the complaint, not the sufficiency of the parties' evidence.  Thus, the Court will not dismiss the rest of Kovacevic's claim under the EPSLA.

### C.  Plaintiff's CERA Claim

AIF argues that Kovacevic fails to state a claim under the CERA for the same reasons that she fails to state such a claim under the EPSLA.  The CERA requires employees to not report to work after testing positive for COVID-19, until they meet certain conditions.  *See* Mich. Comp. Laws § 419.405.  The statute also prohibits employers from "discharg[ing], disciplin[ing], or otherwise retaliat[ing]" against an employee who complies with the statute.  Mich. Comp. Laws § 419.403(1).

AIF argues that Kovacevic's allegations do not establish a causal connection between her termination and her compliance with the CERA.  The Court disagrees.  As discussed above, the

temporal proximity between Kovacevic's compliance and her termination is close enough to establish a causal connection for purposes of stating a plausible claim.  Accordingly, the Court will not dismiss the CERA claim.

## IV. CONCLUSION

In short, Kovacevic does not state a claim under the EPSLA to the extent she contends that AIF interfered with a right to be reinstated.  However, Kovacevic states a claim under the EPSLA to the extent she contends that AIF retaliated against her for taking leave.  She also states a claim under the CERA.  Accordingly, the Court will grant AIF's motion to dismiss in part, dismissing part of the EPSLA claim.  The Court will deny the motion in all other respects.

An order will enter consistent with this Opinion.


Dated:   August 17, 2021                           /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   UNITED STATES DISTRICT JUDGE